```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                      CLARKSBURG
```

**ISSAAC PRATHER,**

    **Plaintiff,**

**v.**                                    **CIVIL ACTION NO. 1:20CV274**
                                                            **(Judge Kleeh)**

**JOHN DOE OFFICERS and**
**FAIRMONT STATE UNIVERSITY,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 25]

Pending before the Court is Defendant Fairmont State University's Motion for Summary Judgment [ECF No. 25]. For the reasons discussed below, the Court grants the motion.

### I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 16, 2020, Plaintiff Issaac Prather ("Plaintiff") filed a complaint against Defendants John Doe Officers and Fairmont State University (together, "Defendants") alleging excessive force and unlawful searches and seizures, battery, and vicarious liability. Compl., ECF No. 1-1. Plaintiff asserts on November 5, 2018, Plaintiff was the victim of excessive and illegal force by officers employed by the Fairmont State University Police Department. Id. ¶ 1. On November 5, 2018, Plaintiff was in the parking lot of a funeral home when he was approached by officers

**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

purportedly hired and/or employed by the Fairmont State University Police and was told to raise his hands. Id. ¶¶ 4-5. Plaintiff followed the instructions of the officers only to be "physically accosted by the officers who kneed him in the back, forcibly twisted his arms behind his back and cuffed him." Id. Plaintiff was released from the officers' custody "[a]fter a short period of time" and once the officers had reviewed Plaintiff's identification. Id. These officers never identified themselves. Id. The officers inflicted serious bodily injury on Plaintiff during this encounter and Plaintiff seeks monetary damages to account for his losses. Id. ¶¶ 6-7.

On the night of November 5, 2018, two FSU campus police officers were on duty: Corporal Doug Yost and Officer Lamon Simpson. Declaration of Matthew A. Swain, Exhibit 1 ¶ 4, ECF No. 26-1. Officer Marshall Arnett was not on duty the night of November 5, 2018. Id. ¶ 5. Officer Lamon Simpson, one of the two officers from FSU on duty the night in question, was present at the funeral home parking lot during the encounter on November 5, 2018, but did not handcuff Plaintiff, put his knee into Plaintiff's back, or touch Plaintiff in any way. Issaac Prather's Dep., Exhibit 3, 30:11-31:4, ECF No. 26-3.

Plaintiff testified that the officer who injured him on November 5, 2018, exited the first police cruiser to arrive in the

2

funeral home parking lot. See Prather Dep. 37:8-14; Exhibit 4, Video of Pl.'s Detention at 1:50-2:00 elapsed time. Plaintiff further identified that officer as white, and that he and a black officer both exited a Fairmont State University police vehicle. Prather Dep. 42:8-15. At his deposition, Plaintiff identified these two "John Doe" officers among a picture line-up of FSU Campus Police officers who were employed by FSU at the time of the incident. Id. 42:3-15. Chief Swain confirmed that the officer identified by Plaintiff as the officer who "raked [his] arm and put the knee in [his] back" is Officer Marshall Arnett and he was not on duty the night of November 5, 2018. Id., Swain Decl. ¶ 5.

Officer Lamon Simpson of the FSU Campus Police attended Plaintiff's deposition when Plaintiff identified two officers who harmed him on November 5, 2018. Declaration of Lamon Simpson, Exhibit 2, ECF No. 26-1. Plaintiff identified Officer Lamon Simpson, a confirmed on-duty officer on November 5, 2018, and Officer Marshall Arnett, who was not on duty that night. Id. ¶ 5.

Plaintiff's civil action was removed from the Circuit Court of Marion County, West Virginia, on December 16, 2020. ECF No. 1. This Court entered a First Order and Notice on December 17, 2020, after FSU had filed its answer. ECF Nos. 2, 4. The parties submitted the Report of the Parties' Planning Meeting in accordance with the Court's First Order and Notice, and the Court thereafter

entered a scheduling order. ECF Nos. 5, 6. Discovery ensued [see ECF Nos. 7-20] until October 13, 2021, when Plaintiff's counsel moved to withdraw as the attorney. ECF No. 21. Service of that motion accepted by Plaintiff on October 25, 2021. ECF No. 23. By order of the Court, Plaintiff's counsel was withdrawn from the case on October 18, 2021. ECF No. 22. Within that Order, the Court reminded Plaintiff that he is "hereby notified of the burden to keep the court informed where notice, pleadings, or other papers may be served, and that Plaintiff has the obligation to prepare for trial or hire other counsel to prepare for trial. See W. Va. Trial Ct. R. 4.03, LR Gen. P. R. 83.03." ECF No. 22. Service of the Court's order was accepted by Plaintiff also on October 25, 2021. ECF No. 24.

On November 3, 2021, FSU filed Motion for Summary Judgment against Plaintiff. ECF No. 25. Plaintiff's response was due within 21 days of that motion, or November 24, 2021. See ECF No. 6. Plaintiff failed to file a responsive brief.[1] Because the time for Plaintiff's response has expired, the matter is ripe for review.

---

[1] Also not filed is any proof of service of the Motion for Summary Judgment on Plaintiff. Counsel for FSU filed a Certificate of Service with the Motion, certifying that "[a] copy of the foregoing will be served by U.S. Certified Mail, Return Receipt Requested, to the following: Mr. Issaac Prather 27 East Third Street Apt. 4 Frederick, MD 21701." ECF No. 26 at 10. As recently as April 1, 2022, certified mail sent to Issaac Prather at his last known address was returned as "unclaimed" and "unable to forward." ECF No. 34.

4

**CIVIL ACTION NO. 1:20CV274**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party must "make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." Id. at 317-18. Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

This Court has previously summarized the burden imposed on parties opposing a summary judgment challenge.

> However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is

5

> the threshold inquiry of determining whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950)).
>
> In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 323-25; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

Watson v. Warden, FCI Hazelton, Civil Action No. 2:16-CV-76, 2017 WL 1955532, at *2 (N.D.W. Va. May 11, 2017) (Bailey, J.). The Court views the evidence in the light most favorable to Plaintiff, the non-moving party, and draws any reasonable inferences in Plaintiff's favor. See Fed. R. Civ. P. 56(a); see Henry v.

Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). The burden imposed on parties resisting a summary judgment challenge have been made clear; however, a party seeking summary judgment is not automatically entitled to such relief if a non-movant fails to respond.

> Section (c) of Rule 56 requires that the moving party establish, in addition to the absence of a dispute over any material fact, that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to "a judgment as a matter of law." The failure to respond to the motion does not automatically accomplish this. Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law. This duty of the court is restated in section (e) of the rule, providing, "if the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e) (emphasis added).

Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993). "The law is well established that uncorroborated, self-serving testimony of a plaintiff is not sufficient to create a material dispute of fact sufficient to defeat summary judgment." Diquollo v. Prosperity Mortg. Corp., 984 F.Supp.2d 563, 570 (E.D.

Va. 2013) (citing Fed. R. Civ. P. 56(e), <u>Evans v. Tech. Applications & Serv. Co.</u>, 80 F.3d 954, 962 (4th Cir. 1996)).

### III. DISCUSSION

In its Motion for Summary Judgment, FSU argues there are no genuine issues of material fact and it is entitled to judgment as a matter of law because Plaintiff has failed to identify any Fairmont State University officer at the scene of the November 5, 2018, incident, who perpetrated the injuries suffered by Plaintiff. ECF No. 26. Plaintiff has offered no evidence to dispute FSU's lack of involvement in the November 5, 2018, incident other than his identification of Officer Lamon Simpson – who Plaintiff testified was present but did not detain or harm Plaintiff – and Officer Marshall Arnett, who was not working that night. Swain Decl. ¶ 5, Simpson Decl. ¶ 5. Plaintiff has not provided any evidence to contradict FSU's evidence that Officer Marshall Arnett, the officer who allegedly caused all of Plaintiff's injuries, was off duty on November 5, 2018.

Plaintiff testified the white officer – the perpetrating officer - and a black officer both exited a Fairmont State University police vehicle. Prather Dep. 42:8-15. Plaintiff identified these two "John Doe" officers among a picture line-up of FSU Campus Police officers who were employed by Defendant FSU

at the time of the incident. Id. at 42:3-15. Chief Swain confirmed that the officer identified by Plaintiff as the officer who "raked [his] arm and put the knee in [his] back" is Officer Marshall Arnett and he was not on duty the night of November 5, 2018. Id., Swain Decl. ¶ 5.

Plaintiff has produced a factual impossibility. Plaintiff testified that the officer who injured him on November 5, 2018, was white and exited the first police cruiser to arrive in the funeral home parking lot. See Prather Dep. 37:8-14; Exhibit 4, Video of Pl.'s Detention at 1:50-2:00 elapsed time. However, the only FSU officer to assist in the response that occurred in the funeral home parking lot on November 5, 2018, was Officer Simpson, who Plaintiff identified and testified had nothing to do with his physical apprehension and detention, and instead was simply "standing over by [a witness]" during the incident. Simpson Decl. ¶ 4; see Prather Dep. 30:11-31:4. Also important is the photograph that Plaintiff identified as Officer Simpson at the deposition, which indeed depicts FSU Officer Lamon Simpson, a black male officer. See Exhibit 4 to Prather Dep., FSU 00062.

In addition to Plaintiff's mix-up of the police officers on the night of his detention is the discrepancy between the police cruisers. The first police cruiser to arrive, according to the Exhibit 4 video, is a sedan-style police vehicle with white

9

exterior siding and a black exterior spanning approximately from the wheel wells to the back of the vehicle. See Exhibit 4 at 1:50-2:00. On the white exterior siding of that sedan-style police cruiser, a luminescent "POLICE" is produced by the flashlights and vehicle headlights shining in the funeral home parking lot during the incident. See Exhibit 4 at 1:55-2:00. The same large-font "POLICE" is printed on the exterior side of both sedan-style vehicles pictured in Exhibit 1. Very little detail is depictable from the video. Plaintiff testified the first police car to arrive on scene at the funeral home parking lot was one belonging to Fairmont State University Campus Police. Prather Dep. 37:8-14. Both Chief Swain and Officer Simpson state in their affidavits that the Exhibit 4 video depicts a sedan-style cruiser owned by the Fairmont Police Department as the first police vehicle to arrive at the scene. Swain Decl. ¶ 7, Simpson Decl. ¶ 6. Chief Swain distinguishes the cruiser depicted in Exhibit A from the cruiser shown in Exhibit B as being a sedan-style police cruiser driven by the FSU Campus Police. Exhibits A and B to Exhibit 1, Swain Decl. ¶ 6. Exhibit B depicts a Fairmont Police Department cruiser. Id. Further, both Chief Swain and Officer Simpson identify the first cruiser to arrive on scene as a police vehicle belonging to the Fairmont Police Department. Swain Decl. ¶ 7, Simpson Decl. ¶ 6. That vehicle was a make and model other than a Dodge Charger

10

– the only sedan-style cruisers operated by FSU Campus Police at the time of November 5, 2018. Swain Decl. ¶ 7.

The Court has carefully considered the record before it. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 409 n.8 (4th Cir. 2010). "[U]ncorroborated, self-serving testimony of a plaintiff is not sufficient to create a material dispute of fact sufficient to defeat summary judgment." Diquollo v. Prosperity Mortg. Corp., 984 F.Supp.2d 563, 570 (E.D. Va. 2013). Plaintiff has presented a factual impossibility and failed to produce evidence to the contrary. Because no genuine issue of material fact exists and FSU has demonstrated it is entitled to judgment as a matter of law, the Motion [ECF No. 25] is **GRANTED**. The Court hereby **ENTERS SUMMARY JUDGMENT** for Defendant FSU. Defendant FSU is hereby **DISMISSED** from this action. Defendant John Doe Officers remain unnamed and unserved; therefore, Defendant John Doe Officers are likewise **DISMISSED**.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion for Summary Judgment. ECF No. 25. The Clerk is **DIRECTED** to enter judgment where appropriate under this Order. This action is hereby **DISMISSED WITH PREJUDICE AND STRICKEN** from the Court's docket.

It is so **ORDERED**.

**CIVIL ACTION NO. 1:20CV274**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

The Clerk is directed to transmit copies of this Order to pro se Plaintiff by certified mail, return receipt requested, at 27 East 3rd Street, Frederick, MD, 21701; and to counsel of record via the CM/ECF filing system.

**DATED:** September 22, 2022

*[signature: Tom S Kleeh]*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA